UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA BAUMAN,

                          Plaintiff,

      v.

2810026 CANADA LIMITED,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SIGH AMARJIT,

                     Defendants.

_____

**DECISION**
**and**
**ORDER**

**15-CV-374A(F)**

APPEARANCES:      DAVID W. POLAK, ESQ.
                             Attorney for Plaintiff
                             3686 Seneca Street
                             West Seneca, New York   14224

                             WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                             Attorneys for Defendants
                             BEATA SHAPIRO, of Counsel
                             260 Franklin Street, 14th Floor
                             Boston, Massachusetts   02110

## JURISDICTION

     By order of Hon. Richard J. Arcara filed August 10, 2015 (Dkt. 2), this case was

referred to the undersigned for all pretrial proceedings.  The matter is presently before

the court on Defendants' motion to compel (Dkt. 17) filed December 30, 2015

("Defendants' motion").

## BACKGROUND

     Defendants' motion was filed together with Defendants' Memorandum of Law

(Dkt. 17-1) ("Defendants' Memorandum") and the Affirmation of Mary Jones (Dkt. 18)

together with Exhibits A-D (Dkt. 18-1) ("Defendants' Exh(s). __").  Plaintiff opposed

Defendants' motion by filing the Affirmation of David W. Polak on January 29, 2016 (Dkt. 20) ("Polak Affirmation"). In reply, Defendants filed, on January 22, 2016, the Affirmation of Beata Shapiro (Dkt. 21) ("Defendants' Reply"). Oral argument was conducted on January 26, 2016 (Dkt. 22), at which Defendants' requests for Plaintiff's answers to Defendants' Interrogatories Nos. 6, 9, 12, 14, 15, and 16 and Plaintiff's responses to Defendants' Document Requests Nos. 9, 10, 11, 14, and 16 were resolved by the court in Defendants' favor. However, decision was reserved on Defendants' request, Defendants' Document Request No. 14, for Plaintiff's medical history authorizations to which Plaintiff responded that Plaintiff would only provide authorizations for Plaintiff's treatment of the injuries Plaintiff alleges to have suffered in the auto-truck collision which gave rise to this action. Dkt. 21-1 at 8. Specifically, Plaintiff objected that any of Defendants' requests for authorizations for Plaintiff's medical history prior to the accident are barred as seeking private and confidential information unrelated and irrelevant to Plaintiff's claimed injuries, and are otherwise unduly burdensome and overly broad. *Id.* Plaintiff's objections are without merit for several reasons.

First, it is basic that commencing an action based on alleged personal injury places a plaintiff's mental and physical condition at issue thereby waiving any applicable doctor-patient privilege. *See Moreno v. Empire City Subway Co.*, 2006 WL 2053191, at *1, n. 1 (S.D.N.Y. July 21, 2006) ("Plaintiff cannot block relevant discovery concerning his physical condition by asserting the physician-patient privilege. By commencing the action, plaintiff waived the privilege." (citing *Koump v. Smith*, 250 N.E.2d 857, 861 (N.Y. 1969) ("We hold, therefore, that by bringing or defending a personal injury action in

which mental or physical condition is affirmatively put in issue, a party waives the

privilege."))).  Thus, no confidentiality interests of Plaintiff arise in responding to

Defendants' request.  Protection of any residual confidentiality or privacy concerns may,

of course, be provided by a mutually agreeable confidentiality agreement between the

parties, and Plaintiff has not moved for a protective order pursuant Fed.R.Civ.P. 26(c).

Second, under Fed.R.Civ.P. 26(b)(1) a party is entitled to broad discovery of a party's

preexisting conditions including mental health matters, relevant to a claim or defense

regardless of admissibility.  *See Pokigo v. Target Corporation*, 2014 WL 6885905, at

**2-3 (W.D.N.Y. Dec. 8, 2014) (plaintiff's preexisting mental and physical conditions

relevant to plaintiff's damage claim (citing *Bruno v. CSX Transp., Inc.*, 262 F.R.D. 131,

133-34 (W.D.N.Y. 2009) (granting discovery of plaintiff's medical records relating to

plaintiff's substance abuse and mental health treatment where disclosure was likely to

reveal evidence of alternative or intervening causes for the damages claimed by

plaintiff)); *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (medical records

showing plaintiff's preexisting conditions relevant to issue of causation).

In contending, as Plaintiff does, Polak Affirmation ¶ ¶ 10-11, that Defendants are

entitled to discovery of Plaintiff's medical treatment limited to Plaintiff's body parts

injured in the accident and provided since the date of the accident improperly narrows

the scope of relevant information subject to discovery in this action.  *Id.*  Such broad

discovery is also warranted by the possibility that a plaintiff's medications, or a plaintiff's

failure to use such prescribed medications, relating to treatment of plaintiff's preexisting

conditions could conceivably adversely affect a plaintiff's ability to operate safely a

vehicle where, as in this case involving a change of lane collision between Plaintiff's

auto and Defendants' tractor-trailer, such operation is a major component of the

circumstances upon which a plaintiff's claim is based.  Other treatment relating to

preexisting conditions impairing a plaintiff's musculoskeletal or neurological systems

may also adversely affect a plaintiff's negligence and damages claim.  *See Pokigo*,

2014 WL 6885905, at **2-3 (plaintiff's preexisting conditions relating to plaintiff's

depression and an endocrinological ailment may limit plaintiff's loss of wage claim).

Plaintiff's attempt to limit Defendant's discovery requests to medical providers who

treated Plaintiff since the date of the accident, Polak Affirmation, Dkt. 20, ¶ 11, is

equally without merit as it ignores the obvious need to disclose any possible existing

conditions such as degenerative disc disease recognized under applicable New York

law as a condition which can serve to limit Plaintiff's ability to establish that Plaintiff's

present spinal injuries asserted as a serious injury are the proximate result of the

accident.  *See Pommells v. Perez*, 830 N.E.2d 278, 281 (N.Y. 2005) (when additional

contributory factors interrupt the chain of causation between the accident and claimed

injury – such as . . . a preexisting condition – summary dismissal of the complaint may

be appropriate).  Such limited discovery is particularly repugnant to the broad discovery

available under Rule 26(b)(1) in this case, one subject to the New York No-Fault Law,

N.Y. Ins. Law § 5101 *et seq.*, under which a plaintiff is obligated to rebut a defendant's

expert opinion that a plaintiff's degenerative disc disease as a preexisting condition was

the actual cause of plaintiff's alleged serious injury.  *See Brusso v. Imbeault*, 699

F.Supp.2d 567, 585-86 (W.D.N.Y. 2010) ("Where . . . defendant's proof that the plaintiff

has not sustained a serious injury as a result of the motor vehicle accident at issue rests

in part on evidence that she had a preexisting condition prior to the accident, the plaintiff

must address that contention in her medical reports" or face summary judgment) (citing

caselaw).  Plaintiff's suggestion that Defendants obtain Plaintiff's earlier medical history

by searching data bases maintained by insurance companies, Polak Affirmation, Dkt.

20, ¶ 14, is similarly without merit as it is generally the rule that "a requested party must

provide relevant discovery regardless of whether it is already available to the requesting

party," absent a showing of bad faith or harassment.  *Land Ocean Logistics, Inc. v.

Acqua Gulf Corp.*, 181 F.R.D. 229, 240 (W.D.N.Y. 1998) (citing caselaw).

     Nor has Plaintiff demonstrated, contrary to Plaintiff's generalized objection, that

Defendant's request is unduly burdensome or overly broad.  (Dkt. 21-1 at 8).  *See

American Rock Salt Company, LLC v. Norfolk Southern Corporation*, 228 F.R.D. 426,

432 (W.D.N.Y. 2004) (generalized objection that discovery requests are vague, overly

broad or unduly burdensome will be overruled absent particularized facts submitted

upon personal knowledge of facts).  Finally, Plaintiff's objection that Defendants may

obtain the requested information at issue concerning Plaintiff's preexisting conditions by

gleaning this information from medical records Plaintiff has previously produced is

based on the faulty assumption that Plaintiff fully disclosed such information to Plaintiff's

current treating physicians and other health care professions.  *See* Polak Affirmation

(Dkt. 20) ¶ 15.  Defendants are not obliged to acquiesce in such questionable

assumption; rather, Defendants are entitled under Rule 26(b)(1) and Fed.R.Civ.P. 34(a)

to test the completeness of Plaintiff's disclosures by an examination of all responsive

records relevant to the claims and defenses in this case.  *See Brusso*, 699 F.Supp.2d at

585 (noting that plaintiff in her pre-examination medical history form failed to reveal to

her treating chiropractor that she had received prior treatment by another chiropractor

approximately 11 years earlier related to a prior auto accident).

In sum, Defendants' requests seek relevant information and Plaintiff's objections are wholly without substance.

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 17) is GRANTED.  Plaintiff shall produce the requested authorization forms <u>within</u> <u>15</u> <u>days</u> of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  February 3, 2016
        Buffalo, New York