UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JEFFREY ROTH,

                    Plaintiff,

      v.
                                                              **13-CV-901A(F)**
2810026 CANADA LIMITED LTD.,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                    Defendants
            Third-Party Plaintiffs,                            **DECISION**
      v.                                                          **and**
                                                               **ORDER**
PAMELA J. BAUMAN,

            Third-Party Defendant.
_____

PAMELA BAUMAN,

                    Plaintiff,

      v.
                                                              **15-CV-374A(F)**
2810026 CANADA LIMITED,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                    Defendants
_____

APPEARANCES:            DAVID W. POLAK, ESQ.
                        Attorney for Plaintiffs
                        3686 Seneca Street
                        West Seneca, New York   14224

                        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                        Attorneys for Defendants
                        BEATA SHAPIRO, of Counsel
                        260 Franklin Street, 14th Floor
                        Boston, Massachusetts   02110

FELDMAN KIEFFER, LLP
Attorney for Third-Party Defendant
ADAM C. FERRANDINO, of Counsel
110 Pearl Street, Suite 400
Buffalo, New York  14202


In its Decision and Order filed July 18, 2016 (Dkt. 51, 27, respectively)  ("the July 18,

2016 D&O" or "the D&O"), the court granted Plaintiffs' motion to compel Defendants'

depositions (Dkt. 46) and directed such depositions be conducted within 45 days of the July

18, 2016 D&O.  In the D&O, the court rejected Defendants' opposition to Plaintiffs' motion as it

was based on Defendants' belief that under New York law, specifically N.Y.C.P.L.R. § 3106(a),

Defendants, by noticing Plaintiffs' deposition before Plaintiff had noticed Defendants, had a

priority of depositions and that because Plaintiffs had not fully complied with Defendants'

previously served document requests, Defendants were unable to timely complete Plaintiffs'

depositions.  However, as the court pointed out, upon removal of this action, the Federal Rules

of Civil Procedure displaced state law, July 18, 2016 D&O at 3 (quoting Fed.R.Civ.P. 81(c)(1)),

and under Fed.R.Civ.P. 26(d)(3)(A), that absent a stipulation or court order to the contrary, "the

method of discovery may be used in any sequence" by a party.  *Id.*  As no such stipulation or

order was cited by Defendants in opposition to Plaintiffs' motion, the court found itself required

to grant Plaintiffs' motion and directed Defendants to show cause why Plaintiffs' expenses,

including reasonable attorneys fees, pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)"),

should not be imposed.  July 18, 2016 D&O at 4 ("Order to Show Cause").  In accordance with

the D&O's direction, Defendants, on July 28, 2016, filed the Affirmation of Beata Shapiro, in

opposition to the order to show cause (Dkt. 29) ("Shapiro Affirmation") ("Defendants'

Response") contending that sanctions are not warranted because (1) Defendants, in refusing

to comply with Plaintiffs' deposition notice, had acted in "good faith," and  (2) that Plaintiffs had

not timely complied with Defendants' discovery requests thereby interfering with Defendants'

ability to take Plaintiffs' deposition.  Shapiro Affirmation ¶¶ 3-4.  Defendants further contend

that despite Plaintiffs' failure to provide full discovery, Defendant conducted Plaintiffs'

deposition on June 16, 2016 and that Plaintiff acknowledged that production of Plaintiffs'

medical and disability records were incomplete.  Shapiro Affirmation ¶ 6.  Plaintiffs have not

responded to Defendants' Responses.

An award of expenses, including reasonable attorneys fees incurred by a party in

connection with a successful motion to compel a party's deposition is required as a sanction

under Rule 37(a)(5)(A) and Fed.R.Civ.P. 30(d)(3) ("Rule 30(d)(3)") unless failure of the

responding party to provide discovery, including a refusal to schedule an oral deposition

pursuant to Fed.R.Civ.P. 30(a)(1), *see* Fed.R.Civ.P. 37(a)(3), was substantially justified or,

under the circumstances, an award would be unjust.  "A party's failure to provide discovery is

substantially justified if a genuine dispute exists of if there is an objectively reasonable basis

for the failure."  *Rosehoff, Ltd v. Truscott Terrace Holdings LLC*, 2016 WL 2640351, at \*4

(W.D.N.Y. May 10, 2016) (citing *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C.Cir. 2015) (citing

caselaw)), "such as where a party believed caselaw supported its position," *Scott-Iverson v.*

*Independent Health Association, Inc.*, 2016 WL 1458239, at \*2 (W.D.N.Y. Apr. 14, 2016) (citing

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Maddow v. Proctor & Gamble Co. Inc.*,

107 F.3d 846, 853 (11th Cir. 1997))).  As the test for substantial justification is "determined by

an 'objective standard of reasonableness and does not require that the party have acted in

good faith,'" *Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 273 F.R.D. 372, 377

(S.D.N.Y. 2011) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262

(S.D.N.Y. 1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1998))), that a party refused

to participate in scheduling an oral deposition believed it was acting in good faith is irrelevant. *See Scott-Iverson*, 2016 WL 1458239, at *3 (citing *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377).  *See also* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2016 Thompson Reuters) at 970 ("Good faith generally does not equate to substantial justification; the losing party [on the motion to compel] must demonstrate some unsettled issue of law or like circumstance."  (citing *Pierce*, 487 at 565; *Parsi*, 778 F.3d at 126-27) (underlining and bracketed material added)).  "An award of attorneys fees may be unjust where the party's failure was based on factors beyond the party's control."  *Scott-Iverson*, 2016 WL 1458239, at *3.

Here, Defendants point neither to unsettled caselaw supporting Defendants' failure to respond to Plaintiffs' deposition notices nor to any circumstances showing Defendants' refusal was based on factors beyond Defendants' control.  Indeed, Defendants' Response fails to acknowledge under Rule 81(c)(1) that, contrary to Defendants' continued erroneous belief, after removal the federal, not state, rules of procedure apply, July 18, 2016 D&O at 3, and that under Rule 26(d)(3)(A) Defendants were not entitled to a priority with respect to the scheduling and conduct of Plaintiffs' depositions prior to conducting Defendants' depositions which was the subject of Plaintiffs' successful motion to compel.  Nor do Defendants point to any circumstances beyond Defendants' control that would, on this record, render an award of attorneys fees unjust.  Defendants' argument that Plaintiffs' failure to provide complete document discovery relating to Plaintiffs' damages had thwarted Defendants' ability to effectively conduct Plaintiffs' depositions also fails as it merely reiterates Defendants' opposition to Plaintiffs' motion, an argument rejected by the D&O, *see* July 18, 2016 D&O at 3 (explaining that court failed to see how Plaintiffs' incomplete production could conceivably

4

effective deposition of Plaintiffs and that Defendants could have, but did not, move to compel prior to Plaintiffs' motion) and Defendants did not appeal the July 18, 2016 D&O.  Accordingly, the court is constrained to find Defendants' refusal, under the circumstances presented, to schedule Defendants' depositions was not substantially justified and that an award of Plaintiffs' reasonable attorneys fees would not be unjust.

Further, pursuant to Rule 37(a)(5)(A), as Defendants fail to address whether responsibility for Defendants' failure to comply with Plaintiffs' deposition notices should be apportioned between Defendants, as parties, or Defendants' counsel, the court finds that only Defendants' counsel shall be required to pay the award of Plaintiffs' expenses.

## CONCLUSION

Based on the foregoing, pursuant to Rule 37(a)(5)(A) and Rule 37(d)(3), Defendants' counsel shall pay Plaintiffs' reasonable expenses, including attorneys fees, incurred in connection with Plaintiffs' motion.  Plaintiffs shall submit Plaintiffs' attorney's affidavit detailing such expenses, based on contemporaneous time-records and Plaintiffs' attorney's billing rates, within 30 days of this Decision and Order; Defendants' opposition, if any, shall be filed within 15 days thereafter; Plaintiffs' reply, if any, shall be filed within 5 days thereafter.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  October 4, 2016
        Buffalo, New York

5