UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY ROTH,

      Plaintiff,

 v.

2810026 CANADA LIMITED LTD.,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

      Defendants
     Third-Party Plaintiffs,
 v.

PAMELA J. BAUMAN,

   Third-Party Defendant.
_____

PAMELA BAUMAN,

      Plaintiff,

 v.

2810026 CANADA LIMITED,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

      Defendants
_____

**13-CV-901A(F)**

**DECISION
and
ORDER**

**15-CV-374A(F)**

APPEARANCES:    DAVID W. POLAK, ESQ.
         Attorney for Plaintiffs
         3686 Seneca Street
         West Seneca, New York 14224

         WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
         Attorneys for Defendants
         BEATA SHAPIRO, of Counsel
         260 Franklin Street, 14th Floor
         Boston, Massachusetts 02110

1

FELDMAN KIEFFER, LLP
Attorney for Third-Party Defendant
ADAM C. FERRANDINO, of Counsel
110 Pearl Street, Suite 400
Buffalo, New York  14202

In this personal injury case arising out of a collision between Plaintiff Bauman's ("Plaintiff") automobile and Defendants' tractor-trailer on November 9, 2011, by papers filed November 10, 2016 (Dkt. 41), Plaintiff requests reconsideration of the court's Decision and Order filed October 17, 2016 (Dkt. 36) ("the October 17, 2016 D&O") granting Defendants' motion to compel and for expenses pursuant to Fed.R.Civ.P. 37(a)(5) filed July 29, 2016 (Dkt. 30) ("Defendants' July 29, 2016 motion").  Plaintiff also opposes Defendants' expense request (Dkt. 39) and requests permission to serve an amended complaint to correctly state Defendant Singh Amarjit ("Defendant Singh") and Defendant 2810026 Canada Limited Ltd.'s names.  Specifically, Defendants' July 29, 2016 motion was based on Plaintiff's failure to comply fully with the court's prior Decision and Order, filed February 3, 2016 (Dkt. 24) ("the February 3, 2016 D&O"), granting, following oral argument on January 26, 2016 (Dkt. 22), Defendant's first motion to compel, filed December 30, 2015 (Dkt. 17), seeking Plaintiff's complete answers to Defendants' interrogatories, identification of all of Plaintiff's medical providers, a statement of Plaintiff's prior injuries, a description of Plaintiff's injuries allegedly caused by the collision, Plaintiff's medical and out-of-pocket expenses, and production of documents relating to Plaintiff's past and future lost income and earning capacity.  Plaintiff's responses were due not later than 45 days following the January 26, 2016 oral argument.  See Dkt. 22.  While Plaintiff subsequently provided some discovery responsive to the February 3, 2016 D&O, see October 17, 2016 D&O at 2,

Plaintiff's responses were nevertheless incomplete causing Defendants to file Defendant's July 29, 2016 motion on the court's Case Management/Electronic Case Filing ("ECF") system, however incorrectly denominating, under the ECF descriptive options for filed documents, all of the Defendants' supporting papers as "motions." The Clerk of Court therefore made, *sua sponte,* on August 4, 2016, an ECF entry on the docket for the action correctly denominating Defendants' Affirmation in Support as such (Dkt. 31) and Defendants' Memorandum of Law In Support as such (Dkt. 32). For each document, the Clerk's entry stated: "E-Filing Notification: Documents filed improperly as a motions. Court terminated motion<u>s</u> and modified docket text to correctly reflect filing events. No action required. [31] Affirmation In Support, [32] Memorandum Of Law In Support (SG)" (underlining added). Thereafter, on August 8, 2016, the court filed a scheduling order (Dkt. 33) with respect to Defendants' July 29, 2016 motion with notice to each attorney of record via ECF as follows: "Text Order re [30] Second Motion to Compel Notice Of Second Motion To Compel And For Sanctions filed by 2810034 Canada Limited, 2810026 Canada Limited, Singh Amarjit, Frederick Group Inc. Responses due by 8/26/2016. Replies due by 9/2/2016. Oral argument at the discretion of the court. Issued by Hon. Leslie G. Foschio on 8/8/2016. (SDW)" (Dkt. 33) ("the August 8, 2016 Text Order").

  In the October 17, 2016 D&O the court reviewed the deficiencies in Plaintiff's discovery responses despite the direction in the February 3, 2016 D&O that Plaintiff comply fully with Defendants' discovery requests and noted that as Plaintiff had failed to respond to Defendants' motion by August 26, 2017 as directed in the August 8, 2016 Text Order, the court deemed Plaintiff to have conceded the merits of Defendants' July

3

29, 2016 motion. Dkt. 36 at 2-3.[1] The court accordingly granted Defendants' July 29, 2016 motion, and directed Plaintiff to show cause by October 31, 2016 why Defendants' expenses related to the motion, including reasonable attorney's fees, should not be awarded. To date, Plaintiff has failed to comply with the court's order to show cause. In a separate Decision and Order, also filed October 17, 2016 (Dkt. 35), the court noted Plaintiff's failure to timely oppose the award of Defendants' expenses incurred in connection with Defendants' first motion to compel filed December 30, 2015 ("Defendants' December 30, 2015 motion"), granted by the court in the February 3, 2016 D&O, and granted Defendants' request to assess such expenses against Plaintiff's attorney. Dkt. 35 at 2. Defendants' affidavit of support relating to Defendants' December 30, 2015 motion was timely filed October 31, 2016 (Dkt. 38) for Defendants' attorneys and paralegal expenses ("Defendants' Request").

As noted, Plaintiff's motion also requests permission to serve an amended complaint to correctly name Defendant Singh as Amarjit Singh, and add an entity identified by Defendant Singh, AK1 One, Inc., as co-owner of the tractor-trailer owned and operated by Defendant Singh at the time of the accident as an additional defendant and correct the name of Defendant 2810026 Canada Limited Ltd. to 2810026 Canada Limited.

---

[1] According to Defendants' motion, the remaining deficiencies in Plaintiff's discovery responses included lack of required supplementation, unverified interrogatory answers, no certification that all medical records had been provided, incomplete wage information, an incomplete statement of Plaintiff's medical expenses, and no documentation of Plaintiff's out-of-pocket expenses. *See* Dkt. 31 at 3. Although Plaintiff contends Plaintiff has attempted to provide to Defendants required discovery, Dkt. 41 ¶ 14 referencing Exh. B to Polak Affidavit (Dkt. 41-2), Plaintiff does not demonstrate that the discovery Defendants sought in Defendants' July 29, 2016 motion had been provided.

1.    <u>Plaintiff's Motion for Reconsideration</u>.

Plaintiff's request for reconsideration directed to the October 17, 2016 D&O granting Defendants' July 29, 2016 motion as found by the court to have been conceded based on Plaintiff's failure to timely file any opposition to Defendants' motion and directing Plaintiff to show cause why Defendants' reasonable attorneys fees incurred in connection with Defendants' July 29, 2016 motion should not be awarded is meritless.  Reconsideration is strictly limited to circumstances where the court overlooked controlling authority or factual information that could reasonably alter the decision in question, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and should not be granted in the absence of "extraordinary circumstances."  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir. 2013) (reconsideration available to prevent manifest injustice); *Official Cmm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (same).  Here, Plaintiff fails to point to anything in the record warranting reconsideration.  Plaintiff's primary ground for reconsideration is that on October 5, 2016, Dkt. 41-3 at 1, more than two months after Defendants' July 29, 2016 motion was filed, Plaintiff's attorney inquired by e-mail to the undersigned's chambers ("the October 5, 2016 e-mail" or "the e-mail") regarding the status of Defendants' July 29, 2016 motion asserting he had experienced "computer problems."  *Id.*  In response, on the same day, counsel was advised by the undersigned's judicial assistant that Defendants' motion remained pending, was provided with a copy of the court's August 8, 2016 Text Order (Dkt. 33) and informed that no timely response had then been filed by Plaintiff.  Dkt. 41-3 at 6.  In the e-mail,

Plaintiff's counsel also requested advice on whether Plaintiff could receive an "extension" to allow a belated response and was informed by the judicial assistant that any such request must be in "motion form filed electronically."  Dkt. 41-3 at 5-6.  No such motion request, pursuant to Fed.R.Civ.P. 6(b)(1)(B), was filed by Plaintiff.  Plaintiff's representations implying Plaintiff was prevented from filing a timely response to Defendants' July 29, 2016 motion warranting reconsideration suffer from several inadequacies.

First, Plaintiff does not deny Plaintiff's counsel received electronically through the ECF system notice of Defendants' July 29, 2016 motion (Dkt. 30).  Plaintiff's denial in Plaintiff's Reply, Dkt. 48 ¶ 23, that Plaintiff's counsel later received, from the court on August 8, 2016, an ECF notice and a copy of the text order requiring Plaintiff's response to Defendants' motion by August 26, 2016 is not supported by the record.  In particular, while Plaintiff's counsel claims that as of October 13, 2016, because of a purported "password or sign-on" problem, Dkt. 41 ¶¶ 18-19, counsel was "unable to view the [Defendants'] underlying motion papers" counsel does not deny that his computer system had received and he had observed, the court's ECF notice that Defendants' July 29, 2016 motion had been filed.  Nor does counsel's assertion negate that counsel had also received notice on August 4, 2016 of the Clerk's corrective entry regarding the misnomers by Defendants as to the nature of two (Defendants' affirmation and memorandum of law) of Defendants' filings.  This conclusion is supported by the fact that when counsel sent the October 5, 2016 e-mail he acknowledged awareness of that (a) Defendants' motion had been previously filed and (b) the Clerk had made the August 4, 2016 entry which counsel evidently had misunderstood.  Notably, nowhere in

counsel's affidavit in support of reconsideration (Dkt. 41) does counsel deny receiving an ECF notice of the court's August 8, 2016 Text Order. Only after Defendants' Affidavit in Opposition stated that Plaintiff's counsel received the ECF notice of the text order, Dkt. 45 ¶ 10, did Plaintiff's counsel claim, in reply, that he did not receive such notice. Significantly, Plaintiff does not provide any affidavit from counsel's service provider corroborating that counsel's computer and Internet system had experienced any Internet service interruption that would have prevented Plaintiff's counsel from receiving ECF notices either in the early August or October 2016 time-frame.

In an event, having received the ECF notice that Defendants' July 29, 2016 motion had been filed, counsel was aware or should have been aware that even in the absence of the August 8, 2016 Text Order, Plaintiff's response to Defendants' motion would have been due, pursuant to Local Rule Civil Procedure 7(b)(2)(B), 14 days after it was filed or, in this case, August 15, 2016. Moreover, it is now common knowledge that assuming Plaintiff's counsel's computer system somehow lost Internet access at some point between August 4, 2016 and a later date which Plaintiff's motion does not specify, upon restoration of such service, all in-coming e-mails, including those sent from the court's ECF system (and including notice from the ECF Webmaster of the filing of the August 8, 2016 text order), would have been accessible to counsel on counsel's computer system. Indeed, again assuming counsel's internet service was interrupted during the first week of August 2016 (a fact not specified by counsel) upon restoration counsel could have also viewed the full text of the text order and downloaded a copy to counsel's computer for counsel's further perusal and use. Thus, Plaintiff's ambiguous, if not obfuscatory, and uncorroborated assertions of an inability to obtain a copy of

Defendants' motion papers and counsel's asserted lack of knowledge of the due date of August 16, 2016 for responding to Defendants' motion established by the August 8, 2016 text order do not warrant reconsideration.

Second, Plaintiff's counsel's assertion that the Clerk's corrective docket entry on August 4, 2016, clarifying the correct nature of each of the two documents Defendants filed in support of Defendants' July 29, 2016 motion, caused him to believe Defendants' motion was deemed by the court to have been "improperly filed" thereby requiring Defendants to refile the motion and rendering Plaintiff's response at that time unnecessary is also unpersuasive. The Clerk's docket entry unambiguously states that two documents Defendants filed with Defendants' motion, particularly an affirmation in support and memorandum of law, were incorrectly designated for ECF filing purposes by Defendants as "motion<u>s</u>," (underlining added) and that the Clerk had modified these two ECF designations to correctly describe the two documents as an affirmation and memorandum of law, respectively and deleted such incorrect references. Tellingly, Plaintiff's counsel provides no explanation as to why, if he genuinely believed Defendants' July 29, 2016 motion <u>had</u> (as he stated in the October 5, 2016 e-mail) been terminated, counsel nevertheless felt the need, six and one-half weeks after Plaintiff's response was due, to inquire of the court as to the status of Defendants' motion. *See* Dkt. 41-3 at 1. A fair reading of the record supports that the reason for counsel's belated inquiry was that counsel, for an undisclosed reason, was then reminded that Defendants' motion had been previously filed and that counsel had failed to timely respond. Moreover, if Plaintiff's counsel was in fact experiencing difficulties in receiving notices and copies of filings through the court's ECF system or from Defendants'

attorney, it was incumbent on Plaintiff's counsel to promptly rectify such problem to assure receipt of important pleadings and court orders affecting Plaintiff's case. *See Domazet v. Willoughby Supply Co. Inc.*, 2015 WL 4205279, at *3 (N.D.N.Y. July 10, 2015) (observing that plaintiff had not argued she was unable to timely file appeal of Bankruptcy Court's order because the court's electronic filing system was not properly operating (citing *In re Sands*, 328 B.R. 614, 619 (Bankr. N.D.N.Y. 2005) ("If [a party's] counsel could not submit a petition because the CM/ECF system experienced technical difficulties, counsel could submit proof that the problems at the clerk's office prevented the filing of the petition," making it "incumbent on the [filing party] to show that the clerk's office was subject to a CM/ECF system failure.")); *Lawson v. New York City Bd. of Educ.*, 2011 WL 873146, at *2 (S.D.N.Y. Mar. 11, 2011) (denying motion for reconsideration of report and recommendation to consider belatedly submitted opposition papers where counsel advised judge's chambers he was having problems electronically filing additional opposing papers and judge granted counsel permission to hand-deliver papers, but counsel failed to do so); *Merrihew v. Ulster County*, 529 F.Supp.2d 374, 376 (N.D.N.Y. 2008) (attorney's contention that he was unfamiliar with court's electronic filing system and, thus, unaware that two summary judgment motions had been filed did not establish excusable neglect where pretrial scheduling order set deadline for filing dispositive motions and attorney failed to check the docket). Contrary to Plaintiff's contention, Dkt. 42 at 6, Plaintiff's counsel's unexcused asserted misinterpretation of the Clerk's entry as indicating the court had acted adversely on Defendants' motion does not create a manifest injustice to Plaintiff. *See Woodard & Dickerson, a div. of ConAgra, Inc. v. Kahn*, 1992 WL 349681, at *2 (S.D.N.Y. Nov. 6,

1992) (declining to reconsider grant of summary judgment based on opposing counsel's mistake in failing to introduce certain documents essential to opposition). Nor does Plaintiff point to any controlling caselaw or facts overlooked by the court in the October 17, 2016 D&O.[2] In sum, nothing in this record supports reconsideration and Plaintiff's request is therefore DENIED.

2.  Request to Amend.

Plaintiff also requests leave to file an amended complaint in order to add as a defendant an entity which Defendant Singh in his deposition described as "AK1 One, Inc.," Dkt. 41 ¶¶ 34-35, asserting that, under N.Y. Veh. & Traffic Law § 388 AK1 One, Inc. is also vicariously liable to Plaintiff, Dkt. ¶ 37, AK1 One, Inc. is a necessary party to this action and should therefore be added as a defendant. *Id.* ¶ 39.[3] Plaintiff also requests leave to file an amended complaint to correctly state Defendant Singh's name as Amarjit Singh, not Singh Amarjit, as presently stated in the pleadings and correct the name of Defendant 2810026 Canada Limited Ltd. to 2810026 Canada Limited. Dkt. ¶¶ 32, 40, 42. In opposition, Defendants specifically contend that Plaintiff failed to comply with Local R.Civ.P. 15(a) which requires a party seeking leave to file an amended pleading to include a draft of such proposed amended pleading with its motion. Dkt. 45 ¶ 31. Further, Defendants rely on the fact that under the applicable Scheduling Order, Dkt. 8, the time for making motions to amend, December 31, 2015, has passed. Dkt. 45. In reply, Plaintiff contends that requested amendments are technical in nature and that Plaintiff could not have learned the identity of the additional corporate owner of

---

[2] Plaintiff's reliance on Fed.R.Civ.P. 60 (Dkt. 42 at 5) is inapposite as Rule 60 pertains to potential correction of final orders whereas the October 17, 2016 D&O is an intermediate order.
[3] The court does not address whether Fed.R.Civ.P. 19(a)(1) requires defendant AK1 One, Inc. be joined as a required, *i.e.*, "necessary," party as Plaintiff contends. *See* Dkt. 41 ¶ 39 (AK1 One, Inc. is "a necessary party").

10

Defendants' tractor-trailer until Defendant Singh's deposition which was conducted in August 2016, more than six-months after the December 31, 2015 motion cut-off established by the initial Scheduling Order, because Defendants refused to cooperate in scheduling Singh's (and those of other Defendants) depositions requiring Plaintiff to move on June 18, 2016 (Dkt. 46) to compel such deposition which the court granted in a Decision and Order on July 18, 2016 (Dkt. 51). Dkt. 48 ¶¶ 27-28. *See* Fed.R.Civ.P. 15(b)(1) (court to freely allow amendments to conform pleadings to proof at trial absent showing of prejudice to opposing party). Plaintiff accordingly requests the court permit Plaintiff to file and serve an amended complaint to add AK1 One, Inc. and correct Defendant Singh's name and that of Defendant 281002 Canada Limited Ltd.'s as in these circumstances Plaintiff should be excused from strict compliance with the Scheduling Order motions to amend cut-off date and deem Plaintiff's request timely. Dkt. 48 ¶ 29. Although Plaintiff should have earlier moved to amend the Scheduling Order to enlarge the period for filing motions to amend, nevertheless, in this case Defendants do not, given the nature of the proposed amendments, assert serious prejudice if Plaintiff's request is granted. Such amendment is also consistent with the possibility that AK1 One, Inc. is separately insured and as such its presence in the case will facilitate full recovery by Plaintiff in the event Plaintiff prevails at trial. Thus, in these circumstances, the court exercises its discretion in controlling the scheduling of the case before it and therefore GRANTS Plaintiff's motion for leave to amend. *See Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) ("a court possesses inherent authority to 'control the disposition of the cases on its docket'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

## CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration (Dkt. 41) is DENIED; Plaintiff's motion to file an amended complaint (Dkt. 41) is GRANTED. Plaintiff shall file and serve AK1 One, Inc. with an amended complaint consistent to the extent permitted by this Decision and Order <u>within 30 days</u>.  The Clerk of Court is directed to amend the caption to correctly state Defendant Singh's and 2810026 Canada Limited's  names consistent with this Decision and Order.

SO ORDERED.

                                                /s/ *Leslie G. Foschio*
                                      _____
                                          LESLIE G. FOSCHIO
                                  UNITED STATES MAGISTRATE JUDGE

Dated:  April 12, 2017
         Buffalo, New York