UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY ROTH,

                      Plaintiff,

    v.
                                                    **13-CV-901A(F)**

2810026 CANADA LIMITED LTD.,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                      Defendants
                  Third-Party Plaintiffs,             **DECISION**
    v.                                                        **and**
                                                         **ORDER**
PAMELA J. BAUMAN,

           Third-Party Defendant.
_____

PAMELA BAUMAN,

                      Plaintiff,

    v.
                                                    **15-CV-374A(F)**

2810026 CANADA LIMITED,
2810034 CANADA LIMITED,
FREDERICK GROUP INC.,
SINGH AMARJIT,

                      Defendants
_____

APPEARANCES:          DAVID W. POLAK, ESQ.
                               Attorney for Plaintiffs
                               3686 Seneca Street
                               West Seneca, New York   14224

                               WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                               Attorneys for Defendants
                               BEATA SHAPIRO, of Counsel
                               260 Franklin Street, 14th Floor
                               Boston, Massachusetts   02110

FELDMAN KIEFFER, LLP
Attorney for Third-Party Defendant
ADAM C. FERRANDINO, of Counsel
110 Pearl Street, Suite 400
Buffalo, New York 14202

By Order filed October 17, 2016 (Dkt. 35), the court granted Defendants' request, pursuant to Fed.R.Civ.P. 37(a)(5), for expenses incurred in prosecuting Defendants' motion to compel discovery (Dkt. 17) granted by the court on February 3, 2016 (Dkt. 24) ("the February 3, 2016 D&O") based on Plaintiff's failure to show cause why such expenses should not be awarded and finding that Plaintiff's failure to provide the requested discovery was not substantially justified and that an award of expenses would not, in the circumstances, be unjust. Defendants' affidavit in support of such award was filed in accordance with the court's direction on October 31, 2016 (Dkt. 38) ("Defendants' Request"). Plaintiff filed Plaintiff's opposition on November 10, 2016 (Dkt. 41). Oral argument was deemed unnecessary. Based on the following, Defendants' Request is GRANTED in part and DENIED in part.

In this case, Defendants seek $8,605 in expenses incurred in connection with the filing of Defendants' December 20, 2015 motion granted by the court in the February 3, 2016 D&O. Defendants' request includes time for three attorneys, including Beata Shapiro, a partner in Wilson Elser, Defendants' attorneys, and a paralegal with Wilson Elser's office located in Boston, Massachusetts who worked on Defendants' motion. Dkt. 38 ¶¶ 2-4. Specifically, Defendants claim 36 hours of work which includes 33.5 hours for communications with Plaintiff's attorney beginning in July 2015 to resolve the discovery dispute, drafting Defendants' motion and supporting memorandum of law with exhibits, a review of Plaintiff's opposition papers, and 10.5 hours for Ms. Shapiro's travel

time and participation in oral argument on January 26, 2016 on Defendants' motion. Defendants' counsel's billable hourly rate is $280; the paralegal rate is $130/hour. Plaintiff's opposition argues Ms. Shapiro's time to participate in oral argument on January 26, 2016 is unreasonable as Ms. Shapiro's presence was required in Buffalo for Plaintiff's deposition the next day. Dkt. 41 ¶ 53. Plaintiff also asserts the time, 19.9, for three attorneys in preparing Defendants' motion which, according to Plaintiff, was not complex, is also excessive. *Id.* ¶ 54. Plaintiff does not contest the Defendants' claimed attorney hourly rate of $280/hr.[1] Instead, Plaintiff suggests a reasonable time required to prepare Defendants' motion is 2-3 hours. Dkt. 41 ¶ 59.

It is basic in awarding expenses pursuant to Fed.R.Civ.P. 37(a)(5)(c) that courts shall determine a lodestar amount consisting of the product of a reasonable hourly rate and a reasonable amount of time expended on litigation of the motion, plus reasonable expenses in producing the motion. *Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1457881, at *2 (W.D.N.Y. Apr. 14, 2016) (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2011 WL 5326259, at *2 (W.D.N.Y. Nov. 3, 2011) (citing *Millea v. Metro-North R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011), and *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))). Additionally, to avoid unnecessary time and potential redundancy of work, courts may use a "general across-the-board percentage reduction as a 'practical means of trimming fat from the fee application.'" *Scott-Iverson*, 2016 WL 1457881, at *2 (citing *Romeo and Juliette Laser Hair Removal, Inc. v. Assara,* 2013 WL 3322249, at *3 (S.D.N.Y. July 3, 2012) (quoting *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999))). Here, the court finds Defendants' motion was not complex.

---

[1] The court has determined based on Defendants' Request the billable rate for the other two attorneys who worked on this matter is $230 per hour and will calculate the proper amount for Defendants' request accordingly.

3

Rather, it primarily involved comparing Plaintiff's responses to Defendants' outstanding interrogatories and document requests. However, Plaintiff opposed the motion, *inter alia*, on the ground that Defendants' request for Plaintiff's medical records must be limited to Plaintiff's body parts allegedly injured in the accident which necessitated reply briefing by Defendants. *See* Dkt. 21 at 4. Additionally, as Defendants do not dispute that Ms. Shapiro was required to travel to Buffalo at that time to conduct Plaintiffs' depositions the day following oral argument, the court finds it would be unreasonable to award Defendants the cost of Ms. Shapiro's travel time as attributable to Defendants' motion and, as such, to avoid a windfall to Defendants, Defendants' expenses should be limited to 4.5 hours including the 1 ½ hours Mr. Shapiro devoted to the oral argument. *See* Dkt. 22. To avoid possible duplication and redundancy given that three attorneys worked on Defendants' motions, the court further reduces Defendants' Request for Defendants' attorneys' time by 15% to 3.825 for Shapiro and 16.15 for Jones and Zarriello. As noted, as Plaintiff does not dispute the Wilson Elser attorney billing rate of $280/hour it is unnecessary to address this issue except to note that such a rate, while associated with the Boston legal market, is also consistent with similar rates for experienced attorneys such as Ms. Shapiro, a 2004 law school graduate and Wilson Elser partner. *See Scott-Iverson*, 2016 WL 1457881, at *4 (approving $210/hr. billing rate for defendant's attorney with 15 years experience as below market rate (citing *Langhorne v. Takhar Grp. Collection Services, Ltd.*, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 24, 2016) ($300 per hour reasonable for experienced attorney, $175 reasonable for newer attorney))); *Rich Products Corp. v. Bluemke*, 2014 WL 860364, at *5 (W.D.N.Y. Mar. 4, 2014) ($245/hr. billing rate for attorney with 15 years experience

4

reasonable). Plaintiff also does not contest Defendants' request for one hour of legal research service in the amount of $130 nor the 2.5 hours of paralegal time related to preparation of exhibits. Thus, Defendants' Request in the amount of $4,785.50 (3.85 hours (for Shapiro) x $280 and 16.15 hours (for Jones and Zarriello) x $230) for Defendants' reasonable attorneys fees, plus $455 for 3.5 hours of C. Brown paralegal assistance plus $135 for legal research service equals $5,375.50 should be granted. As there is no indication in the record that Plaintiff's failure to comply with the Defendants' outstanding discovery requests upon which Defendants' motion was based results from Plaintiff's conduct, the court finds such failure, and thus the award of Defendants' Request, should be assessed solely to Plaintiff's counsel. *See* Rule 37(a)(5)(A).

## CONCLUSION

Based on the foregoing, Defendants' Request is GRANTED in part, and DENIED in part. Plaintiff's counsel shall pay Defendants $5,375.50 within 30 days of this Decision and Order.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 12, 2017
      Buffalo, New York